IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOSEPH ADKINS                                                                                          PETITIONER

V.                                    CASE NO. 4:16-CV-00487-JLH-JTK

WENDY KELLEY, *Director*
Arkansas Department of Correction                                                      RESPONDENT


**PROPOSED FINDINGS AND RECOMMENDATIONS**

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

For the reasons explained below, it is recommended Petitioner's Petition for Writ of Habeas Corpus be DISMISSED with prejudice.

## Procedural History

On November 4, 2014, the Petitioner entered a plea of guilty to two counts of aggravated robbery, theft of property, and residential burglary. (DE #13-2) Lonoke County Circuit Court sentenced him to an aggregate term of 360 months' imprisonment in the Arkansas Department of Correction, with an additional 120 months' suspended. *Id.* On January 2, 2014, the Petitioner filed a timely petition for postconviction relief pursuant to Arkansas Rule of Civil Procedure 37.1. (DE #13-3) The Petitioner made the following allegations in his Rule 37 petition: (1) ineffective assistance of counsel for the following reasons: (a) he was not allowed to view the tape of the actual robbery, (b) defense counsel advised him that, if he pled mercy before the Court, he would

"likely get no less than 10 years on a 70% sentence, or no more than 15 years on a 70% sentence", (c) defense counsel failed to communicate with him regarding the seriousness of the charges and only came to the jail once and spoke to him for 15 minutes, and (d) defense counsel failed to submit a change of venue as Defendant requested due to concern over the fact that the victim was known by most everyone in the community; (2) coerced confession because defense counsel told him he would receive less time if he accepted the plea agreement from the prosecutor; (3) unlawful arrest because he was arrested on charges of aggravated robbery but no weapon was listed, sent to the crime lab, or ever produced even though two police agencies stated that a weapon was recovered; (4) prosecutorial misconduct because the prosecutor owned farm land, knew the victim's family, and employed the services of the victims, who owned a crop dusting service; (5) he was denied a fair and impartial trial because the victims knew the prosecutor and possibly the judge due to the economic standing of the victims in the community; and (6) mental incompetence because he was under an extreme intoxication due to drug use when the crime was committed, his mental capacity was not accurately determined by the Act 3 doctor because he did not have a chance to review all of his medical records, and he only spoke to a doctor from Professional Counseling Associates for one and a half hours. (DE # 13-3) The circuit court dismissed Adkins' petition for failure to comply with the Arkansas Rule of Criminal Procedure 37.1(c) verification requirement (DE # 13-5), and he filed a timely appeal to the Arkansas Supreme Court (DE # 13-6).

The Arkansas Supreme Court found that Adkins' Rule 37.1 petition was compliant with Rule 37.1(c) because of a motion for transcript that he filed contemporaneously with his petition wherein he verified the statements made within his petition. (DE # 13-8) Thus, the Arkansas Supreme Court reversed the circuit court's order and remanded the case for entry of an order addressing the merits of the petition. *Id.* On remand, the trial court denied and dismissed Adkins'

petition. (DE # 13-9) He filed an appeal to the Arkansas Supreme Court on February 25, 2015. (DE # 13-10) On appeal, Adkins argued that the circuit court committed reversible error by deciding his Rule 37 petition without an evidentiary hearing; that he should have been provided an attorney; that the trial court failed to follow proper procedure in accepting his plea; and he made a number of claims concerning defense counsel's failure to challenge the sufficiency of the information charging him and counsel's failure to challenge the determination of his mental competency. (DE # 13-10) In its order, the Arkansas Supreme Court noted that, even though some of the Adkins' arguments were not entirely clear, "there are a number of allegations and arguments in his brief that were not raised in the Rule 37.1 petition." (DE #13-12) The Arkansas Supreme Court affirmed the circuit court's decision finding that Adkins had not demonstrated that the circuit court erred in its findings. *Id.*

On July 6, 2016, Petitioner filed his petition for writ of habeas corpus in this Court claiming the following grounds for relief:

1. ineffective assistance of counsel for failing to: file any motions; challenge the arrest, search and seizure, statements made by co-defendant, and identifications made by witnesses; interview any witnesses for the state or defense; hire an investigator; or challenge the lack of evidence to support a residential burglary charge;

2. ineffective assistance of counsel because defense counsel failed to investigate or raise the defense of mental incompetency and failed to retain services of a neurologist or psychiatrist to explore the defense;

3. the Arkansas Rules of Criminal Procedure violate his constitutional right to counsel because the rules do not require the appointment of counsel for those who pursue post-conviction relief; and

4. ineffective assistance of counsel because defense counsel did not attempt to negotiate a plea agreement with prosecutor but instead coached Defendant to commit perjury at the plea hearing.

(DE # 1) Respondent filed her response on August 19, 2016, and argued that Petitioner's first, second, and fourth claim in his current petition are procedurally default and additionally were waived by Petitioner's guilty plea, and lastly that Petitioner's third claim for relief is meritless because there is no constitutional right to an attorney in a post-conviction proceeding. (DE # 13) Petitioner filed his reply on September 6, 2016, stating that any defaults by him were the result of not having "the guiding hand of an attorney to navigate through the complex and rigid procedures associated with Rule 37 proceedings" and that any such defaults are excused under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). At the request of the Court, Respondent filed a response regarding Petitioner's *Martinez* argument on April 13, 2017. (DE # 16) Respondent argues that Petitioner has failed to show that his ineffective assistance of counsel claims are of the substantial type contemplated by *Martinez*; therefore, the procedural default of such claims should not be excused. *Id.*

Discussion

A.  *Procedural Default*

Before seeking federal habeas review, a state prisoner must fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also* 28 U.S.C. § 2254(b) and (c). A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a

showing of either cause or prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

The Respondent argues that the Petitioner's first, second, and fourth claims for relief in his current habeas petition are procedurally defaulted. In her response, she contends that Petitioner's claim one and claim four are procedurally defaulted because he did not present them in the state court. (DE # 13) Respondent further states that claim two is procedurally defaulted because the Arkansas Supreme Court applied a state procedural rule to bar consideration of the merits of Petitioner's claim due to it not being presented in Petitioner's Rule 37.1 petition.[1] *Id.* Petitioner conceded in his reply "that the claims in the instant petition are markedly different from those included in his initial-review collateral proceeding, and on appeal." (DE # 14 p. 5) Rather, he asserts that his procedurally defaulted ineffective of assistance claims should be excused under *Martinez* "because he did not have the guiding hand of an attorney to navigate through the complex and rigid procedures associated with Rule 37 proceedings." *Id.* Because Petitioner establishes

---

[1] While the Arkansas Supreme Court did acknowledge that some of the Petitioner's argument were not clear and that there were a number of allegations in his appellate brief that were not raised in the Rule 37.1 petition, the court did consider Petitioner's claim of ineffective assistance for failure to challenge the mental evaluation and its conclusion of competency and ruled that "it was not clearly erroneous for the circuit court to find that Adkins failed to demonstrate prejudice" with regard to this claim. (DE # 13-12 at p. 7) Petitioner's second claim is thus not barred from habeas review for the reasons set forth by the Respondent; therefore, the merits of the claim will be addressed by this Court.

6

that he lacked counsel during his initial-review collateral proceeding, which can be cause for procedural default of his ineffective assistance of counsel claims under *Martinez*, the Court will address the defaulted claims first.

Petitioner represented himself pro se in his Rule 37 proceeding, and the trial court was not required to hold a hearing under the rule. "A trial court may conclude from the record that postconviction relief sought pursuant to Rule 37 should be denied and that no hearing is necessary." *Smith v. State*, 300 Ark. 291, 295, 778 S.W.2d 924, 926 (1989). Under *Martinez*, Petitioner may establish cause to excuse default of his ineffective-assistance-of-counsel claims because he lacked appointed counsel during the initial-review collateral process. To utilize this exception to overcome his procedural default, however, Petitioner must first demonstrate that his defaulted ineffective-assistance-of-counsel claims have "some merit." *Martinez*, 132 S.Ct. at 1318. A procedural default does not bar a "substantial claim of ineffective assistance of trial counsel if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320. A "substantial claim" does not include claims that are without merit or "wholly without factual support." *Id.* at 1319. This exception only applies to ineffective assistance of trial counsel claims, and it is not extended to ineffective assistance of appellate counsel claims. *Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014) (pet. for cert. filed, No. 14-8782, March 10, 2015).

B.   *Petitioner's Ineffective Assistance of Counsel Claims*

   **1. Ground 1**

For his first claim for relief, the Petitioner alleges ineffective assistance of counsel because defense counsel failed to: file any motions; challenge the arrest, search and seizure, statements made by a co-defendant and identifications made by the witnesses; interview any witnesses for the

7

state and defense; hire an investigator; or challenge the lack of evidence to support a residential burglary charge. (DE # 1) It is undisputed that Petitioner did not raise these claims in his post-conviction relief petition. In order to overcome the procedural default of Petitioner's claims, it is required under *Martinez* that he first prove that his ineffective assistance of counsel claim has some merit. The Petitioner has not done so. Rather, his first claim for relief is not supported by anything other than Petitioner's own assertions, and because they are without factual support of any kind, they cannot be considered "substantial" claims, and the procedural default of such claims is not excused by *Martinez*.

    2. **Ground 4**

For Petitioner's fourth claim for relief, he alleges ineffective assistance of counsel because defense counsel did not attempt to negotiate a plea agreement with the prosecutor and furthermore coached him to commit perjury at the plea and sentencing hearing. (DE #1) It is undisputed that this claim for relief was not raised in Petitioner's Rule 37.1 petition. Similarly, and for the reasons set forth above, the procedural default of this claim is not excused by *Martinez*. Petitioner's claims lack merit and are also wholly without factual support; therefore, under *Martinez* they are not considered a substantial claim of ineffective assistance of counsel.

    3. **Ground 2**

Petitioner contends that his trial counsel was ineffective for failing to investigate or raise the defense of mental incompetency and for failing to retain the services of a neurologist and psychiatrist to explore the defense. (DE # 1) In support of his claim, Petitioner alleges that he has a well-documented history of "traumatic brain injury" and "PTSD." *Id.* at p. 6.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court articulated the two-part standard for analyzing claims that a criminal defendant's counsel was

8

constitutionally ineffective: first, whether the attorney's conduct was professionally unreasonable under the circumstances; and second, whether the attorneys conduct prejudiced the defendant's defense. *Id.* at 688. An attorney's performance is deficient when it falls below "an objective standard of reasonableness." *Id*. The defendant is prejudiced by the inferior performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In his appellate brief filed on February 25, 2015, the Petitioner acknowledged that the trial judge ordered a psychiatric examination by a qualified medical personnel of the Arkansas State Hospital. (DE # 13-10 p. 20-21) Furthermore, it is noted in the record that the ordered examination was completed prior to the date that Petitioner entered his guilty plea. (DE # 13-12 p. 7) In his current petition, Petitioner alleges a "well-documented" history of mental illness; however, he does not point to any medical documentation that should have been considered in evaluating him nor does he provide any information concerning the specific contents of any such medical records. This Court finds that the trial court considered Petitioner's claim and properly applied *Strickland*. The Petitioner has failed to meet his burden of showing he was prejudiced from the alleged ineffective assistance of counsel or that there was anything more that his trial counsel could have done when he was admittedly deemed competent prior to voluntarily entering his guilty plea.

C.  *Right to Counsel*

In his third claim for relief, Petitioner alleges that the Arkansas Rules of Criminal Procedure violate his constitutional guarantee of right to counsel. The United States Supreme Court made it clear in *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), that there is no constitutional right to an attorney in state post-conviction proceedings. Petitioner's claim, therefore, lacks merit.

## Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Petitioner has not provided a basis for issuing a certificate of appealability.

## Conclusion

Based on the foregoing, it is recommended that the instant habeas petition (DE #1) be denied and dismissed with prejudice and that a certificate of appealability be denied.

SO ORDERED this 11th day of May, 2017.

_____
UNITED STATES MAGISTRATE JUDGE